```
┌─────────────────────────────┐
│        USDC SDNY            │
│        DOCUMENT             │
│   ELECTRONICALLY FILED      │
│   DOC #:_____   │
│   DATE FILED: 3-4-19        │
└─────────────────────────────┘
```
Form as of May 1, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Kevin Garey

                           Plaintiff(s),

    -against-

St. Frank, LTD.

                          Defendant(s).

18 CIV. NO. 10564

**Civil Case
Management Plan and
Scheduling Order**

---

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on 2/22/2019.

2. **Alternative Dispute Resolution / Settlement:**

    a. Settlement discussions have ☑ / have not ☐ taken place.

    b. The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

    c. The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:
        Mediation. Plaintiff is not agreeable to a Settlement Conference.

1

    **d.**    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

W/60 DAYS After deposition

    **e.**    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.**    **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

<u>Plaintiff(s)</u>:

This lawsuit concerns whether Defendants are violating the Americans with Disabilities Act, New York State Human Rights Law, New York, City Human Rights Law and New York State Civil Rights Law by not making their website equally accessible to the visually impaired. Defendants own and operate the website www.stfrank.com

<u>Defendant(s)</u>:

Defendant denies that Plaintiff is prevented from full and equal access to its website and denies that Plaintiff has stated a claim upon which relief may be granted. Defendant's defenses include the following:
1. There are no official standards regarding website accessibility under the ADA; WCAG 2.0 are merely industry guidelines and alleged non-compliance with these guidelines does not equate to a violation of the ADA. It violates due process to hold Defendant to a standard that is not legally required.
2. The alleged barriers to access in this case which, amounts to a de minimis violation, if any – have been remediated or will soon be remediated; as such, Plaintiff's claims are moot.
3. Plaintiff lacks standing to assert a claim as Plaintiff has not suffered any harm.

**4.**    **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

Plaintiff:
This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the plaintiff's New York State Human Rights Law, N.Y. Exec. Law article 15, (NYSHRL), New York State Civil Rights Law article 4 (NYSCRL), and New York City Human Rights Law, N.Y.C. Admin. Code § 8 101, et seq., (NYCHRL) claims. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because the plaintiff resides in this district, the defendant conducted and continues to conduct a substantial and significant amount of business in this district, the Defendant is subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.
Defendant admits that this Court has jurisdiction generally over federal law claims and that Plaintiff seeks to invoke supplemental jurisdiction.

**5.**    **Subjects on Which Discovery May Be Needed:**

<u>Plaintiff(s)</u>:

Website design and compliance initiatives.

Defendant(s):

Defendant intends to seek discovery related to the parties' claims and defenses, including information related to Plaintiff's alleged disability and alleged attempt and failure to navigate the website at issue.

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than 3/10/2019.

7. **Amended Pleadings:**

   a. No additional parties may be joined after 4/10/2019, without consent or leave of Court.

   b. No amended pleadings may be filed after 4/10/2019, without consent or leave of Court.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by 7/4/2019.

   b. Initial requests for production were/will be served by 5/15/2019. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by 5/15/2019. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by 6/4/2019.

   e. Requests to admit shall be served by 5/15/2019.

   f. The parties propose the following limits on discovery:

   g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

       the Court, provided that the parties meet the deadline for completing fact discovery.

   h.   The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

9.   **Expert Discovery (if applicable):**

   a.   The parties do ☑ / do not ☐ anticipate using testifying experts.

   b.   Anticipated areas of expertise:
       ADA Website Accessibility

   c.   Expert discovery shall be completed by 8/4/2019.

   d.   By _____, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

   e.   The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

10.   **Electronic Discovery and Preservation of Documents and Information:**

(If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.

   a.   The parties have ☐ / have not ☑ discussed electronic discovery.

   b.   If applicable, the parties shall have a protocol for electronic discovery in place by _____.

    c.    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

11.    **Anticipated Motions** (other than summary judgment, if any):

12.    **Summary Judgment Motions:**  No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

13.    **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

14.    **Trial:**

    a.    All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

    b.    The case is ☐ / is not ☒ to be tried to a jury.

  c.   The parties anticipate that the trial of this case will require __2__ days.

15. **Other Matters the Parties Wish to Address (if any):**

16. The Court will fill in the following:

   ☐ A status conference will be held before the undersigned on _____ at _____.m. in Courtroom 18D, 500 Pearl Street.

   ☐ The parties shall submit a joint status letter every _____ days and shall also inform the Court at the time the parties believe a settlement conference would be fruitful.

Dated: 3/4/19

SO ORDERED.

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):                          DEFENDANT(S):
Jonathan Shalom, Esq.
_____             _____
ATTORNEY NAME(s):                      ATTORNEY NAME(s)

SHALOM LAW, PLLC
_____           _____

124-04 Metropolitan Avenue
Kew Gardens, NY 11415
_____           _____
ADDRESS                               ADDRESS


TEL: 718-971-9474                     TEL:_____
_____

EMAIL: Jshalom@jonathanshalomlaw.co    EMAIL:_____
_____